## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7132 | **DATE** | 1/8/2004 |
| **CASE TITLE** | Kimberly A. Marting vs. Crawford & Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and recommendation recommending that defendant's motion to exclude the report and testimony of Brian H. Kleiner [56-1] be granted is hereby entered of record.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 0 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 67 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 1/8/2004 | |
| | | | date mailed notice | |
| | IS | courtroom deputy's initials | IS | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY A. MARTING, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CRAWFORD & COMPANY, ) ) Defendant. ) | Case No. 00 C 7132<br><br>Judge John A. Nordberg<br><br>Magistrate Judge<br>Martin C. Ashman |

## REPORT AND RECOMMENDATION

This motion is before the Court on Defendant's Motion to Exclude the Report and Testimony of Brian H. Kleiner.[1] For the following reasons, we recommend that Defendant's motion be granted.

### I. Background

Plaintiff, Kimberly A. Marting, brought this putative class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, against Defendant, Crawford & Company. Defendant provides insurance services to various carriers and companies. Plaintiff was employed by Defendant under the title of "adjuster 1, 2, 3, 4 and Casualty General Adjuster" until May of 2000. (Compl. ¶ 6.) Plaintiff alleges that she was a non-exempt employee, but Defendant refused to pay overtime compensation for any work she performed in excess of 40 hours per week. Plaintiff's duties included investigation of personal injury accidents. She claims

---

[1] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 for a report and recommendation.

that the tasks she performed in investigating accidents were conducted pursuant to rules and regulations promulgated by Defendant and its clients and she exercised no discretion with respect to her duties. Plaintiff's work was supervised by her superiors, and she did not supervise anyone.

Plaintiff has retained Brian H. Kleiner, Ph.D. as her expert in this case. Kleiner is a tenured professor in the College of Business and Economics at California State University. Kleiner has published hundreds of articles reflecting his work in the field of human resource management. He claims that his specialties include "job analysis." (Rep. at 1.) He has testified as an expert in numerous matters, primarily in California. Two of his articles include *Determining Exempt Or Non-Exempt Status Under California Law for Managers* and *California Minimum Wage and Overtime.*

Before preparing his report, Kleiner reviewed the tasks performed by Marting that she had recorded on her daily time cards. These tasks were summarized by Marting's attorneys at Exhibit B to the report. Kleiner also reviewed Defendant's employee training and operation systems and analyzed deposition transcripts of Defendant's corporate designee. Exhibit C to the report describes specific billing categories, states the percentage of time that Plaintiff spent performing tasks in each billing category, and lists the instructions which governed her performance of the tasks in each category. Kleiner concluded that Marting "did not customarily or regularly exercise discretion and independent judgment." (Rep. at 14.)

## II. Discussion

The primary issue in this case is whether Marting's position is non-exempt under the FSLA. Under the FSLA, an employer must pay overtime unless the employee is employed in an exempt position, i.e., in a "bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213(a)(1). Defendant claims that it employed Marting in an administrative capacity and her work required "the exercise of discretion and independent judgment" which would place her in an exempt category. *See* 29 C.F.R. § 541.207(a).[2] Kleiner has attempted to quantify Marting's duties to determine whether her primary duty required her to exercise discretion and independent judgment. Defendant claims that Kleiner's report (and anticipated testimony) is unreliable and irrelevant and should not be admitted.

Federal Rule of Evidence 702 governs the admissibility of expert testimony.[3] Expert testimony must be both reliable and relevant. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Under the reliability prong, the Court must determine whether the expert's testimony reflects scientific knowledge; i.e., "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid . . . ." *See id.* at 592-93. The Court must consider whether the testimony has been subjected to the scientific method, while

---

[2] "In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term . . . more over, implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance." 29 C.F.R. § 541.207(a).

[3] "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . ." Fed. R. Evid. 702.

ruling out subjective beliefs and unsupported speculation. *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002). When the expert testimony is based on the expert's personal experience, the expert must employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). Under the relevancy prong, the Court must determine if the expert's testimony will assist the trier of fact. *See Daubert*, 509 U.S. at 591. The judge acts as a gatekeeper to exclude expert testimony if the possible prejudice of the testimony outweighs its probative force. *Id.* at 595. Defendant contends that Kleiner's report and testimony do not meet either prong of the *Daubert* test.

First, under the reliability prong, *Daubert* sets forth a nonexclusive list of facts that the Court may consider for this analysis: (1) whether the theory can be and has been verified by the scientific method through testing; (2) whether the theory has been subjected to peer review; (3) the known or potential rate of error; and (4) the general acceptance of the theory in the scientific community. *Chapman*, 297 F.3d at 687. This test is "flexible," and the factors do not necessarily have to be applied to all experts in every case. *Kumho*, 526 U.S. at 141. However, we must determine if the expert is qualified, as well as examine his methodology. *See Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000).

We agree with Defendant that Kleiner's report lacks reliability. Kleiner's report has not been verified by the scientific method through scientific tests or experiments. He has not published any articles regarding his methodology of analyzing jobs to determine if they are exempt or non-exempt under the FSLA. Kleiner himself admits he does not know if his methods are widely accepted or what other methods might be widely accepted. Although Kleiner has

published two articles relating to California law, Marting has not pointed out what relation California law has to the FSLA. Furthermore, it is implausible that Kleiner is an expert in the classification of jobs under the FSLA where he admits that he has not even read the law itself. Additionally, Kleiner admitted in his deposition that he did not know the rates of error in his analysis. (Kleiner Dep. at 75-76.) *See Chapman*, 297 F.3d at 687-88 (finding that trial court erred in admitting expert's testimony that did not meet any of the *Daubert* factors of reliability).

Kleiner's analysis was not based on extensive empirical studies and statistics, but merely based on dividing Marting's tasks up and deciding if she exercised discretion and independent judgment in each category. This overlaps with the second objection to his report under *Daubert* – it is not relevant. Defendant contends that Kleiner's analysis goes to the ultimate legal issue of the case. The Court agrees. An expert should offer more than opinions or legal conclusions on issues that will determine the outcome of the case. *See c.f. Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900-01 (7th Cir. 1994) (finding that meaning of federal regulations was issue of law, not issue of fact for experts to speculate upon).

We find that the case of *Cowan v. Treetop Enterprises, Inc.*, 120 F. Supp. 2d 672 (M.D. Tenn. 1999), is persuasive on this issue. In *Cowan*, the court granted a motion to strike the report of an expert who had opined that fast food managers were "primarily responsible" for the profitable operation of the restaurant. The court first noted that the expert's report was not based on extensive statistical and empirical analyses and was not reliable. *Id.* at 683-84. Next, the court noted that the distinct legal meaning of the term "primary responsibility" under the FSLA was a legal issue that should be decided by the court, not by the expert. *Id.* at 684.

Under Federal Rule of Evidence 704(a), an expert's report will not be rejected merely because it encompasses an ultimate issue to be decided by the trier of fact; however, the report must offer more analysis than just the "bottom line." *Minasian v. Standard Chartered Bank, PLC*, 109 F.3d 1212, 1216 (7th Cir. 1997) (quoting *Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chicago*, 877 F.2d 1333, 1339 (7th Cir. 1989)). In *Minasian*, the court rejected an expert's affidavit that was "full of vigorous assertion (much of it legal analysis in the guise of banking expertise), carefully tailored to support plaintiffs' position but devoid of analysis." *Id.* The court also noted that it appeared that the expert allowed the plaintiffs' attorneys to write the affidavit in his name. *Id.*

We have no doubt that Kleiner is an educated, prolific, and well-respected academic. Nevertheless, his report and testimony in this case fails to fulfill the standards set forth by *Daubert*. The testimony offered by the expert must draw upon his special expertise. *United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996). In other words, the opinion "must be an *expert* opinion (that is, an opinion informed by the witness's expertise) rather than simply an opinion broached by a purported expert." *Id.* (quoting *U.S. v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991)). Kleiner's report lacks the analysis we would expect from such a distinguished academic. It merely parrots Marting's assertions that she is a non-exempt employee under the FSLA without providing significant analysis. Whether Marting exercised discretion and independent judgment in her primary tasks under the FSLA does not fall under the area of Kleiner's expertise. Furthermore, his testimony will not aid the trier of fact in the resolution of this case. Expert testimony is not necessary to determine the exact nature of Marting's job,

including how much discretion she exercised and how closely she was supervised, all of which are facts to be established by fact witnesses and documents.

### III. Conclusion

For the following reasons, the Court recommends that Defendant's Motion to Exclude the Report and Testimony of Brian H. Kleiner be granted.

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: January 8, 2004.

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the John A. Nordberg within ten (10) days after service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

| | |
|---|---|
| CLINTON A. KRISLOV, Esq. | WILLIAM H. BARRETT, Esq. |
| KENNETH T. GOLDSTEIN, Esq. | J. KEVIN HENNESSY, Esq. |
| Krislov & Associates, Ltd. | LAURA S. LISS, Esq. |
| Civic Opera Building | Michael Best & Friedrich, L.L.C. |
| 20 North Wacker Drive | 401 North Michigan Avenue |
| Suite 1350 | Suite 1900 |
| Chicago, IL 60606 | Chicago, IL 60611-4274 |

DAVID J. TECSON, Esq.
Chuhak & Tecson, P.C.
30 South Wacker Drive
Suite 2600
Chicago, IL 60606

Attorneys for Plaintiff                    Attorneys for Defendant